IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEHL,<br><br>                    Plaintiff,<br>v.<br><br>LEBLANC, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [22] MOTION TO AMEND<br><br>Case No. 2:23-cv-00167-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 9). Before the court is Plaintiff Naomi Kehl (Plaintiff) Motion for Leave to Amend Complaint (Motion to Amend) (ECF 22). Defendants Westminster College (Westminster) and Tony LeBlanc (LeBlanc) (collectively, Defendants) oppose this request on the grounds of futility (ECF 24), and Plaintiff filed a reply (ECF 25). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court will GRANT the Motion to Amend.

I.       BACKGROUND

Plaintiff filed her Complaint (ECF 1) on March 7, 2023 asserting the following nine causes of action: (1) Sex-Based Discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. (Title IX) as to LeBlanc (Count 1); (2) Retaliation under Title IX and 34 C.F.R. § 106.71 as to LeBlanc (Count 2); (3) Deliberate Indifference under Title IX as to Westminster (Count 3); (4) Violations of 34 C.F.R. § 106.41 as to LeBlanc (Count 4); (5–6) Gross Negligence as to LeBlanc (Count 5) and as to Westminster (Count 6); (7–8) Intentional Infliction

of Emotional Distress as to LeBlanc (Count 7) and as to Westminster (Count 8); and (9) Negligence – Respondeat Superior as to Westminster (Count 9).

On May 30, 2023, Defendants filed a Motion to Dismiss (Motion to Dismiss) (ECF 15) arguing that the claims against LeBlanc as an individual are improper under Title IX and that Plaintiff's other claims are subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition to the Motion Dismiss. Instead, on July 27, 2023, Plaintiff filed the Motion to Amend (ECF 22) seeking leave to amend her Complaint to remove Leblanc as a defendant in Counts 1, 2, and 4 and "to provide further clarifying language in the complaint" (ECF 22 at 2). Defendants oppose the Motion to Amend on the ground that the proposed amendments are futile because the amended complaint would not survive a motion to dismiss under Rule 12(b)(6) (ECF 24 at 2).[1] Plaintiff responds that her proposed amended complaint cures deficiencies relating to LeBlanc and adequately pleads causes of action for disparate treatment and retaliation (ECF 25 at 4). On February 9, 2024, the court issued an Order (ECF 26) denying the Motion to Dismiss (ECF 15) and granted Defendants leave to refile it after the Motion to Amend is decided.

## II.   LEGAL STANDARDS

"Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v.*

---

[1] Defendants also argue that because Plaintiff did not file an opposition to the Motion to Dismiss, "all arguments stated therein should be deemed confessed" (ECF 24 at 2). Given that the court has since issued an Order (ECF 26) denying the Motion to Dismiss, the court rejects this argument as moot.

*Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

### III.   DISCUSSION

Plaintiff seeks leave to file an amended complaint for the purpose of (1) removing LeBlanc and adding Westminster as a Defendant in Count 1 for sex-based discrimination under Title IX (ECF 23-1 at 22–25); (2) removing LeBlanc and adding Westminster as a Defendant in Count 2 for retaliation under Title IX (*id.* at 25–29);[2] (3) amending Count 3 to assert a claim for clearly unreasonable response as to Westminster (*id.* at 29–32); (4) dismissing Count 4 (*id.* at 33–34); and (5) other amendments to add clarity (*id.* at 7, 11). Defendants argue amendment is futile because (1) Counts 1 and 3 fail to state a claim for deliberate indifference because Plaintiff fails to allege sufficient facts to show actual knowledge, clearly unreasonable response, or lost educational opportunities (ECF 24 at 7–14);[3] (2) Count 2 fails to state a claim for retaliation because Plaintiff fails to allege she engaged in protected activity (*id.* at 14–16);[4] and (3) Counts 5 through 9 asserting

---

[2] Plaintiff's Motion to Amend asks the court for leave to file an amended complaint that "removes Defendant LeBlanc as a defendant to Plaintiff's Title IX causes of action nos. I, II, and IV" (ECF 22 at 2), but the proposed amended complaint leaves LeBlanc as a defendant in Count II (ECF 23-1 at 25). Assuming that is in error, the court directs Plaintiff to file an amended complaint removing LeBlanc in Counts 1, 2, and 4 consistent with the Motion to Amend.

[3] The following elements are required to establish a claim of deliberate indifference under Title IX: (1) "the [school] remains deliberately indifferent to acts of harassment of which it has actual knowledge, (2) the harassment was reported to an appropriate person . . . with the authority to take corrective action to end the discrimination, and (3) the harassment was so severe, pervasive and objectively offensive that it . . . deprived the victim of access to the educational benefits or opportunities provided by the school." *Escue v. N. Okla. College*, 450 F.3d 1146, 1152 (10th Cir. 2006) (internal citations and quotation marks omitted).

[4] A plaintiff must establish the following elements to prevail on a claim for retaliation under Title IX: "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006)).

state law claims fail because there is no supplemental jurisdiction if all federal claims fail (*id.* at 16). In response, Plaintiff points to factual allegations that support the elements of each of her claims (ECF 25 at 7–12) and argues that due to factual disputes, Defendants' futility arguments would be more properly addressed through dispositive motions (*id.* at 12).

Courts "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind*, 466 F.3d at 1199). However, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (citing *Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018)). "Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend 'plac[e]s the cart before the horse,' and '[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" *Id.* (quoting *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-0023-CMA-MJW & 16-cv-01215-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017)).

Here, the court agrees that Defendants' futility arguments would be more properly addressed in the context of dispositive motions rather than the Motion to Amend. The court finds that numerous factual disputes prevent the court from reaching issues relating to Plaintiff's deliberate indifference and retaliation claims at this early stage of the case. Issues of fact, including

whether Westminster had actual notice of the alleged discrimination, whether Westminster's response was clearly unreasonable, whether Plaintiff lost educational opportunities, and whether Plaintiff engaged in protected activity are more appropriately considered or resolved on a dispositive motion. The court has already granted Defendants leave to file a renewed motion to dismiss where these issues can be addressed.[5] The court therefore rejects Defendants' futility arguments.

Although Defendants only ground for opposing amendment is futility, the court finds that no other grounds for refusing leave to amend are applicable. Granting leave to amend would not result in undue prejudice to Defendants given that this case is in its early stages, and there is no evidence of undue delay or bad faith on the part of Plaintiff. Rather, the court agrees with Plaintiff that the proposed amendments serve to address deficiencies relating to claims asserted against LeBlanc and to clarify other claims. Accordingly, the court concludes that justice requires granting Plaintiff leave to amend.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Plaintiff's Motion to Amend (ECF 22). Plaintiff shall file an Amended Complaint within seven (7) days.

IT IS SO ORDERED.

DATED this 14 March 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[5] While Defendants request dismissal of Plaintiff's claims in opposing the Motion to Amend, this request is not properly before the court. *See* DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply.").