Kathleen D. Weron [8437]
Amanda L. Fuller [18379]
OGLETREE, DEAKINS, NASH
  SMOAK & STEWART, P.C.
15 W. South Temple, Suite 950
Salt Lake City, Utah 84101
Telephone: 801.658.6100
Facsimile:  385.360.1707
kathleen.weron@ogletree.com
amanda.fuller@ogletree.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NAOMI KEHL,<br><br>      Plaintiff,<br>v.<br><br>TONY LEBLANC and WESTMINSTER COLLEGE,<br><br>      Defendants. | **DEFENDANTS' RULE 41(b) MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>Case No. 2:23-cv-00167-DBB-CMR<br><br>District Judge David B. Barlow<br>Magistrate Judge Cecilia M. Romero |

Pursuant to Federal Rules of Civil Procedure 41(b) and 16(f)(1), Defendant Tony LeBlanc ("LeBlanc") and Defendant Westminster College ("Westminster") (collectively "Defendants"), through counsel, respectfully submit this Motion to Dismiss Plaintiff Naomi Kehl's ("Plaintiff" or "Kehl") action against it for failure to prosecute.

**INTRODUCTION**

Despite clear warning from the Court that this action may be subject to dismissal should Plaintiff fail to file a Notice of Appearance within twenty-one days after the entry of the Court's Order granting Plaintiff's counsel's Motion to Withdraw, Plaintiff has failed to file said notice.

*See* August 14, 2024 Order, ECF 41. As specified in the Court's Order, "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance [within twenty-one (21) days after the entry of the Order], may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), *including but not limited to dismissal . . .*" *Id.* (emphasis added). For the reasons set forth in detail below, Defendants respectfully request the Court dismiss the action for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), or as a sanction pursuant to Fed. R. Civ. P. 16(f)(1).

## BACKGROUND

1. Plaintiff filed her Complaint against Defendants on March 7, 2023, alleging violations of Title IX, violations of 34 CFR § 106.41, Gross Negligence, and Intentional Infliction of Emotional Distress against Defendant LeBlanc and violations of Title IX, Gross Negligence, Intentional Infliction of Emotional Distress, and Negligence against Defendant Westminster. Compl., ECF No. 1.

2. Defendants filed their Responsive Motion to Dismiss on May 30, 2023. ECF No. 15.

3. Plaintiff's counsel included three attorneys: Samuel Rocereta, Joseph Cannizzo Jr., and Hillary Nappi. Only Mr. Rocereta was licensed to practice law in Utah. *See* Compl. at 40, ECF No. 1 (listing Mr. Rocereta's Utah license number).

4. Mr. Rocereta moved to admit Mr. Cannizzo and Ms. Nappi *pro hac vice* on March 28, 2023 and June 22, 2023, respectively. *See* ECF Nos. 6, 17. The Court granted *pro hac vice* admission to Mr. Cannizzo on March 29, 2023 and to Ms. Nappi on June 22, 2023. ECF Nos. 7, 21.

5. On February 18, 2024, Mr. Rocereta filed his Notice of Withdrawal of Counsel. *See* ECF 27.

6. On February 19, 2024, Defendants moved the Court for an order requiring Plaintiff to appoint local counsel or to appear in person as Plaintiff's two remaining attorneys, Mr. Cannizzo and Ms. Nappi, were both admitted *pro hac vice*. See ECF No. 28.

7. On April 17, 2024, the Court issued a Docket Text Order denying Defendants' Motion to Appoint Local Counsel and instructing Plaintiff to provide a status update regarding her appointment of local counsel. *See* ECF No. 33.

8. On April 24, 2024, Plaintiff filed a status report arguing, in part, that Mr. Rocereta's intent to withdraw from the case was not timely communicated to Mr. Cannizzo and Ms. Nappi and that they did not have adequate time to find alternate local counsel. Plaintiff informed the Court that despite efforts to find local counsel, Plaintiff had been unsuccessful. *See* ECF No. 34. Moreover, Plaintiff requested the pending Motion to Dismiss in the case be adjourned until local counsel had the opportunity to enter their appearance in the case. *Id.*

9. The Parties stipulated to a stay of Plaintiff's deadline to respond to Defendants' pending Motion to Dismiss and the Court issued the Stipulated Order on April 25, 2024. ECF No. 35.

10. On April 26, 2024, the Court also stayed the briefing schedule for Defendants' pending Motion to Dismiss. ECF No. 36.

11. On July 7, 2024, Mr. Cannizzo submitted his Notice of Withdrawal of Counsel. ECF No. 39.

12. On July 26, 2024, Ms. Nappi submitted her Motion to Withdraw as Pro Hac Vice Counsel. ECF No. 40.

13. On August 14, 2024, the Court granted Ms. Nappi's Motion to withdraw as counsel. ECF No. 41.

14. In the August 14, 204 Order, the Court informed Plaintiff she had twenty-one days after the entry of the Order, or until September 4, 2024, to file a Notice of Appearance. ECF No. 41.

15. The Court specifically warned Plaintiff in its Order that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), *including but not limited to dismissal or default judgment.*" *Id.* (emphasis added).

16. As of the date of this filing, Plaintiff has failed to file a Notice of Appearance or respond to the Court's August 14, 2024 Order in any way.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Tenth Circuit has enumerated five criteria (the *"Ehrenhaus* Factors") for courts to consider when assessing a motion to dismiss under Rule 41(b): "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Olsen v. Mapes,* 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994); *see also Savory Swig Stores, LLC v. BLK Brands, LLC,* No. 2:22-cv-491 TS; 2023 WL 7496313, at *1 (D. Utah Nov. 13, 2023) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

A party's failure to appear through counsel weighs in favor of dismissal under the *Ehrenhaus* factors. First, a party's failure to appear through counsel prejudices the opposing party as "[p]rejudice may be inferred from delay, uncertainty, and rising attorney's fees." *Savory Swig Stores,* 2023 WL 7496313, at *2. Plaintiff's lack of engagement with this action since her counsel,

4

Hillary Nappi, filed her Motion to Withdraw has interfered with Defendant's ability to obtain resolution of this matter and thus weighs in favor of dismissal.

Second, Plaintiff's failure to appear has interfered with the judicial process because she has effectively halted Defendants' ability to proceed with this action. At this time, there is no indication Plaintiff intends to participate further in this case. Thus, the second *Ehrenhaus* factor also weighs in favor of dismissal.

Third, Plaintiff's failure to respond to the Court's order, despite the clear warning her case may be dismissed for such failure, demonstrates Plaintiff's culpability. Although dismissal is a "drastic sanction[], [it is] appropriate in cases of willful misconduct," and willful misconduct may be demonstrated by "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Id.* (quoting *Lopez-Bignotte v. Ontivero*, 42 Fed. Appx. 404, 407 (10th Cir. 2002)). Thus, the third *Ehrenhaus* factor weighs in favor of dismissal.

Fourth, the Court clearly warned Plaintiff that her failure to submit a Notice of Appearance could result in dismissal of her Complaint in its August 14, 2024 Order. *See* ECF No. 41. Thus, the fourth *Ehrenhaus* factor weighs in favor of dismissal.

Finally, lesser sanctions are inadequate in the instant case because Defendants are unable to move the case forward to resolution. Plaintiff has failed to respond to the Court's Order or to participate in this case since her counsel, Ms. Nappi, withdrew. Moreover, there is no indication Plaintiff intends to file a Notice of Appearance or appoint local counsel. Thus, the fifth *Ehrenhaus* factor weighs in favor of dismissal.

Considering each of the *Ehrenhaus* factors discussed above, dismissal of this action is appropriate. Moreover, the Court's Order specifies dismissal may be an appropriate sanction in this matter pursuant to Fed. R. Civ. P. 16(f)(1)(C), which provides, "[o]n motion or on its own, the

court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Where a party fails to obey a scheduling or other pretrial order, the court may issue sanctions including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Accordingly, Plaintiff was adequately warned by the Court that dismissal of her action may result for her failure to comply with the Court's August 14, 2024 Order and she has made no effort to comply. Accordingly, dismissal with prejudice is appropriate in this case.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court dismiss this action in its entirety pursuant to Fed. R. Civ. P. 41(b) and 16(f)(1) as Plaintiff has failed to comply with the Court's August 14, 2024 Order to file a Notice of Appearance within twenty-one days of that Order.

DATED this 10th day of September, 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Kathleen D. Weron*
Kathleen D. Weron
Amanda L. Fuller
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 10th day of September, 2024, I served the foregoing **DEFENDANTS' RULE 41(b) MOTION TO DISMISS FOR FAILURE TO PROSECUTE** on the persons identified below as indicated:

| | | |
|---|---|---|
| Naomi Kehl | ☑ | U.S. Mail – Postage Prepaid |
| 12803 S. Ellerbeck | ☐ | Hand Delivery |
| Draper, Utah 84020 | ☐ | Electronic Filing |
| | ☐ | Email |

                                              /s/ Kathleen D. Weron

64097971.v1-OGLETREE