**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| NAOMI KEHL,<br><br>　　Plaintiff,<br>v.<br><br>TONY LEBLANC and WESTMINSTER COLLEGE,<br><br>　　Defendants. | **MOTION TO VACATE DISMISSAL**<br><br>Case No. 2:23-cv-00167-DBB-CMR<br><br>District Judge David B. Barlow<br>Magistrate Judge Cecilia M. Romero |

**PLAINTIFF'S TO VACATE DISMISSAL AND REINSTATE CIVIL CASE AND ENTER APPEARANCE OF LOCAL COUNSEL**

Plaintiff, Naomi Kehl, by and through her undersigned counsel, hereby files this Motion To Vacate Dismissal and Reinstate Civil Case pursuant to Federal Rule of Civil Procedure 60(b)(6). In support of this Motion, Plaintiff avers as follows:

**INTRODUCTION**

1. Plaintiff filed her Complaint against Defendants on March 7, 2023, for egregious violations of Title IX, 34 CFR § 106.41, and gross negligence and intentional infliction of emotional distress.
2. The Court granted *pro hac vice* admission to Mr. Joseph Cannizzo on March 29, 2023, on behalf of the Plaintiff.
3. The Utah barred local counsel subsequently withdrew from the case with the Court's permission.
4. On August 14, 2024, Judge Romero ordered Plaintiff to enter a notice of appearance or have a Utah barred counsel file a notice of appearance within 21 days.

1

5. A further Order to Show Cause was entered on October 30, 2024, as Plaintiff did not enter a notice of appearance or have a Utah-barred counsel file a notice of appearance.

6. This Court entered dismissal of the case on December 3, 2024.

7. The dismissal was due to the failure to comply with court orders requiring a member of the District of Utah bar to enter their appearance.

## ARGUMENT

8. Federal Rule of Civil Procedure 60(b)(6) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."

9. Motions under Rule 60(b) are within the discretion of the district court. *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975).

10. Mr. Cannizzo abruptly left Plaintiff's law firm (Lento Law Group) without calendaring, leaving notes or memoranda, or otherwise advising of the Court's Order that a new local counsel be retained and file their appearance in this lawsuit.

11. While ECF notifications were apparently received by Mr. Cannizzo, he failed to bring them to the attention of the Lento Law Group management. Therefore, the Court's orders, including the critical October 30, 2024 Order, was unknown.

12. Plaintiff's counsel was not aware that the October 30, 2024 Order had been entered, and that the case had been dismissed without prejudice on December 3, 2024, until mid-December when an audit of case files occurred.

13. This constitutes an exceptional circumstance as this unforeseen event led to the failure to comply with the court's order.

14. Rule 60(b)(6) allows for relief from a final judgment for any reason that justifies relief, and it is well-established that such relief is an extraordinary remedy to be granted only in exceptional circumstances. *Jackson v. Los Lunas Community Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018), *FTC v. Elite IT Partners, Inc.*, 653 F. Supp. 3d 1089. The departure of Mr. Cannizzo and the subsequent lack of communication regarding the need for new local counsel were beyond the control of the plaintiff and his other counsel and constitutes such exceptional circumstances.

15. The defendants had proper and timely notice of the lawsuit, and there is no indication that they would suffer any prejudice if the case is reinstated. In this case, the defendants were fully aware of the proceedings, and reinstating the case would not result in any undue prejudice to them. In fact, Defendants themselves twice requested the Court for extension of time to file response/reply to the Complaint and the motions and were granted in Orders dated March 18, 2023, and June 22, 2023

16. This motion is being filed within a reasonable time after the dismissal was discovered during a file audit. Rule 60(b) requires that such motions be made within a reasonable time, and the prompt action taken by the plaintiff upon discovering the dismissal demonstrates diligence and good faith. This motion is being filed within two weeks of learning of the case's dismissal without prejudice.

17. The interests of justice favor reinstating the case as there is authority for a flexible approach to circumstances such as in the instant case, i.e. of excusable neglect. The Supreme Court has recognized that excusable neglect is an elastic concept that can encompass situations where the failure to comply with a filing deadline is attributable to negligence. In *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Court emphasized that excusable neglect is not limited strictly to omissions caused by circumstances beyond the control of the movant. Instead, it is a somewhat elastic concept that can include inadvertence, ignorance of the rules, or mistakes construing the rules. This broader interpretation allows for a more equitable consideration of the circumstances surrounding a missed deadline.

18. In this case, the failure to secure new local counsel was due to the unexpected departure of Mr. Cannizzo and the lack of communication regarding the court's requirements of a new local counsel. Reinstating the case would serve the cause of justice by allowing the plaintiff to have their day in court and ensuring that the case is decided on its merits rather than on procedural technicalities.

19. The plaintiff has a potentially meritorious claim, which, if proven, could bring success at trial. Courts consider whether the movant can show a potentially meritorious claim or defense when evaluating Rule 60(b) motions. The plaintiff is prepared to proceed with the case and present their claims, and reinstating the case would allow for a fair adjudication of the issues.

20. Plaintiff has now secured new local counsel, Adam Crayk, who is a member in good standing of the bar of the District of Utah and meets all requirements under Local Rule DUCivR 83-1.3. Mr. Crayk is prepared to enter his appearance in this case and ensure compliance with all local rules and court orders moving forward. The local rules for civil cases in the U.S. District Court for the District of Utah require attorneys to apply in writing to the court before they can withdraw or appear in a pending case. *United States v. McDaniel*, 411 F. Supp. 2d 1323. Mr. Crayk meets all the requirements for entering his appearance as local counsel and is ready to fulfill his duties in this capacity.

21. Plaintiff recently retained Mr. Crayk to provide local representation to facilitate compliance with this Court's procedural requirements and to ensure effective advocacy on Plaintiff's behalf. Mr. Crayk's involvement will allow Plaintiff to address all matters before the Court in an efficient and procedurally proper manner, including the instant motion brought under Rule 60(b)(6).

In light of the above, the plaintiff respectfully moves this Court grant the motion to vacate the dismissal and reinstate the civil case. Such action would be consistent with the principles of justice and fairness, ensuring that the plaintiff is not unduly penalized for circumstances beyond their control.

Respectfully submitted,

s/ Adam L. Crayk
**ADAM L. CRAYK**
**STOWELL CRAYK, PLLC**
4252 South 700 East
Millcreek, Utah 84107
Telephone: (801) 944-3459
Facsimile: (801) 483-0705
Email: adam@lawscb.com
*Attorneys for Plaintiff*

4

**LAWRENCE A. KATZ**
Lento Law Group P.C.
1814 RT 70 STE 321
Cherry Hill , NJ 08003
P: (856) 652-2000  EXT 497
F: (856) 375-1010
lakatz@lentolawgroup.com
Attorney for Plaintiff
(pending pro hac vice admission)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __th day of December, 2024, I served the foregoing **MOTION TO VACATE DISMISSAL AND REINSTATE CIVIL CASE AND ENTER APPEARANCE OF LOCAL COUNSEL** on the persons identified below as indicated:

| | |
|---|---|
| TONY LEBLANC | U.S. Mail – Postage Prepaid |
| | ☐ Hand Delivery |
| WESTMINSTER COLLEGE | ☐ Electronic Filing |
| | ☐ Email |

/s/ Adam L Crayk
STOWELL CRAYK, PLLC
Adam L. Crayk
Attorney for Defendant

5